

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00295-CR
_____

RICHARD ALLEN STEVENS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 084792-A-CR, Honorable Dee Johnson, Presiding

July 17, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Richard Allen Stevens, appeals his conviction for the offense of possession of a controlled substance (methamphetamine) in an amount equal to or greater than one gram but less than four grams, and resulting sentence of 15 years' incarceration. We affirm the trial court's judgment.

BACKGROUND

Around midnight on August 11, 2023, Amarillo Police Officer Bradley Hudson observed a vehicle being driven with a dim taillight. Hudson also saw that the vehicle was being driven somewhat erratically and was located in a high crime area, which led him to follow the vehicle. Appellant, who was driving the vehicle, made a wide right turn onto the I-40 frontage road that caused his vehicle to cross over into the left lane before merging into the right lane. Based on this observation, Hudson initiated a traffic stop. Hudson explained to Appellant, who was the sole occupant of the vehicle, the reason for the stop. During this encounter, Appellant gave Hudson inconsistent explanations as to his destination. When Hudson performed a computer check on Appellant, he discovered that Appellant's driver's license was invalid, Appellant had prior convictions for driving with an invalid driver's license, and the registration sticker on Appellant's vehicle was not the one issued for his vehicle. Hudson placed Appellant under arrest for driving with an invalid license. *See* TEX. TRANSP. CODE § 521.457. During the ensuing search incident to arrest, Hudson discovered a bag in Appellant's pocket that contained a crystal-like substance that Hudson suspected to be methamphetamine. After the substance was submitted for testing, it was determined to be 1.12 grams of methamphetamine.

Appellant was indicted as previously identified. After hearing evidence, a jury found Appellant guilty. Based on Appellant's pretrial election, punishment was assessed by the trial court. During the punishment hearing, the State offered evidence, by way of both arrest records and judgments, that Appellant has a long history of frequent criminal activity. When this evidence was offered by the State, Appellant affirmatively stated that he had "no objection" to admission of the evidence. After hearing the evidence on

2

punishment, the trial court noted Appellant's long criminal history and sentenced him to 15 years' incarceration. Appellant filed a motion for new trial, which was denied by operation of law. Appellant timely filed the instant appeal.

Appellant presents four issues by his appeal. By his first issue, Appellant contends that the trial court erred in denying his motion to suppress evidence because the traffic stop was not supported by reasonable suspicion of a violation of law. Appellant next challenges the sufficiency of the evidence to support his conviction. By his third issue, Appellant contends that the trial court submitted a defective jury instruction regarding article 38.23 of the Texas Code of Criminal Procedure. Finally, Appellant contends that the admission of extensive evidence chronicling Appellant's criminal history presented during punishment violated Texas Rule of Evidence 403.

### MOTION TO SUPPRESS

By his first issue, Appellant contends that the trial court erred in denying his motion to suppress evidence obtained by virtue of the traffic stop because the stop was not supported by reasonable suspicion. Initially, we note that Appellant filed no motion to suppress evidence and did not make an oral motion during the trial. Consequently, we construe Appellant's issue as challenging the sufficiency of the evidence supporting the implied finding that evidence obtained as a result of the traffic stop was admissible because the traffic stop was supported by reasonable suspicion.

We review a challenge to the sufficiency of the evidence supporting an implied finding under the single standard of legal sufficiency enunciated in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323

3

S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. We defer to the jury's determinations regarding the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 901.

In every case involving an officer's stop, we must objectively evaluate whether the officer acted reasonably under the totality of the circumstances. *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018). "An officer may make a warrantless traffic stop if the 'reasonable suspicion' standard is satisfied." *Id*. (quoting *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015)). The reasonable suspicion standard is met when the officer expresses specific articulable facts that, when combined with rational inferences from those facts, would allow the officer to reasonably suspect that a particular person is, has, or soon will be engaged in criminal activity. *Id*. We review whether this standard was met by considering the totality of the circumstances. *Id*.

Hudson testified that he observed Appellant's vehicle make a wide right turn that took it into the left lane of the I-40 frontage road. Hudson's dash-cam video was also admitted showing that, in effectuating the turn, Appellant's vehicle clearly entered into the left-hand lane of the I-40 frontage road. The Legislature has made such a turn a traffic violation. *See* TEX. TRANSP. CODE § 545.101(a) ("To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the

4

right-hand curb or edge of the roadway.").[1]  A traffic stop is justified by both probable cause and reasonable suspicion when a law enforcement official witnesses a person commit a traffic violation.  *State v. Vinson*, 695 S.W.3d 561, 564 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (citing *Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996), and *State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005)).  Because Hudson testified to witnessing Appellant violate a traffic law and his testimony is supported by his dash-cam video, we conclude that the evidence was sufficient to support the implied determination that Hudson's stop of Appellant was justified by reasonable suspicion.  We overrule Appellant's first issue.

### SUFFICIENCY OF EVIDENCE

By his second issue, Appellant contends that the evidence is insufficient to support his conviction for the offense of possession of a controlled substance.  By his argument, Appellant makes two contentions: first, that the evidence obtained through an unlawful detention cannot support his conviction and, second, that the evidence does not provide sufficient affirmative links between himself and the methamphetamine to prove his possession.

As addressed above, Hudson's stop of Appellant was supported by reasonable suspicion and, therefore, the evidence acquired during that stop, including the methamphetamine, was not illegally obtained.  Further, in conducting a sufficiency review, we are to consider all admitted evidence, even that evidence which was improperly

---

[1] Appellant contends that there is no evidence that Appellant's wide turn was "unsafe" or "interfered with traffic."  However, there is no language in section 545.101(a) requiring that a wide turn be proven to be unsafe or to interfere with traffic before it constitutes a violation.

admitted. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). So, even had we determined that any evidence obtained from the traffic stop was inadmissible, we would still be obligated to consider it in conducting our review of the sufficiency of the evidence to support Appellant's conviction.

To support a conviction for unlawful possession of a controlled substance, the State must prove that the defendant (1) exercised actual care, custody, control, or management over the contraband, and (2) knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The "affirmative links" rule protects innocent bystanders from conviction based merely on their fortuitous proximity to someone else's drugs. *Id*. at 161–62. However, the affirmative links rule applies in situations where the accused is not in exclusive possession of the place where the substance is found. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). In the present case, Hudson found the contraband, which was later confirmed to be methamphetamine, in the pocket of Appellant's pants. *See Yates v. State*, No. 02-14-00516-CR, 2015 Tex. App. LEXIS 7125, at *4–5 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op., not designated for publication) (issue of possession established when contraband found in clothing worn by accused). Because the contraband was found in a place that was under the exclusive possession of Appellant, we need not determine whether sufficient evidence of affirmative links connect Appellant and the contraband.

We overrule Appellant's second issue.

6

## JURY CHARGE

By his third issue, Appellant contends that the trial court submitted a defective jury instruction regarding article 38.23 causing egregious harm. Appellant contends that the jury charge given in the instant case "was improperly limited" in that it asked the jury only about whether the officer observed a wide turn. Appellant contends that "[t]his formulation failed to encompass the broader legal question of whether reasonable suspicion existed under the totality of the circumstances."

When we review a claim of jury charge error, we first determine whether any error occurred; if error did not occur, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.*; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth procedure for appellate review of claim of jury charge error).

The record reflects that Appellant and the State argued extensively over this very point during the charge conference. However, it was Appellant who insisted that the charge present only the issue of whether Hudson observed Appellant make a wide turn as justification for the stop. "Under the doctrine of invited error, if a party requests or moves the court to make an erroneous ruling, and the court rules in accordance with the request or motion, the party responsible for the court's action cannot take advantage of the error on appeal." *Willeford v. State*, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref'd). Here, any error in the jury charge was expressly invited by Appellant and he

cannot now argue that it was error for the trial court to limit the charge in the exact manner he requested. We overrule Appellant's third issue.[2]

## PUNISHMENT EVIDENCE

Finally, by his fourth issue, Appellant contends that the trial court abused its discretion by admitting evidence of extraneous offenses during punishment. We note that at no time did Appellant object to the admission of this evidence. Further, when the documentary evidence of his past arrests and convictions was offered, Appellant affirmatively stated that he had "no objection" to admission of the evidence. "When an accused affirmatively asserts during trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence . . . ." *Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988);[3] *Robertson v. State*, Nos. 05-10-00394-CR, 05-10-00395-CR, 2011 Tex. App. LEXIS 626, at *5 (Tex. App.—Dallas Jan. 27, 2011, pet. ref'd) (mem. op., not designated for publication) (appellant waived complaint regarding admission of punishment evidence by not objecting when evidence was offered). Because Appellant failed to preserve this complaint for review, we overrule Appellant's fourth issue.

---

[2] Were we to review the argument Appellant advances on appeal, we would conclude that it is without merit. Whether the totality of the circumstances support an officer's reasonable suspicion to conduct a traffic stop is a legal question reserved for the court. *Madden v. State*, 242 S.W.3d 504, 516–17 (Tex. Crim. App. 2007); *Jordan v. State*, 562 S.W.2d 472, 473 (Tex. Crim. App. 1978). Appellant was not entitled to submission of a jury instruction under article 38.23 other than as to disputed issues of fact. *Ramos v. State*, 373 S.W.3d 124, 126 (Tex. App.—San Antonio 2012, no pet.).

[3] We are aware that courts have relaxed the rule of automatic waiver of objection based on an affirmative statement of "no objection" in certain contexts. *See Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). However, those contexts are not present in the instant case.

**CONCLUSION**

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Do not publish.